UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIS RAVELL JACKSON,

        Petitioner,                          Case Number: 2:12-CV-12797

v.                                             HONORABLE PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

        Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY</u>**

      This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Donnis Ravell Jackson (Petitioner) is a state inmate currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. He has filed the pending petition challenging his convictions for possession with intent to deliver 50 to 449 grams of cocaine, felony firearm, and being a second habitual offender. For the reasons which follow, the petition will be dismissed.

I.

      Petitioner was charged in Saginaw County Circuit Court with one count of possession with intent to deliver 50 to 449 grams of a mixture containing cocaine, one count of possession with intent to deliver marijuana, one count of maintaining a drug house, one count of being a felon in possession of a firearm, and three counts of felony firearm. He was also charged with being a second habitual offender. Petitioner filed a

motion to suppress evidence claiming searches were conducted in violation of his right to be free from unlawful searches and seizures. After holding an evidentiary hearing, the trial court denied the motion to suppress. Petitioner then pleaded guilty to possession with intent to deliver 50 to 449 grams of cocaine, felony firearm, and being a second habitual offender. The remaining charges were dismissed. On March 8, 2010, Petitioner was sentenced to 78 to 162 months for the drug conviction and 6-1/2 to 30 years for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising a Fourth Amendment claim. The Michigan Court of Appeals denied leave to appeal. *People v. Jackson*, No. 302779 (Mich. Ct. App. April 14, 2011). Petitioner's application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Jackson,* 491 Mich. 870 (Mich. March 21, 2012).

Petitioner then filed the pending habeas corpus petition. He raises a single claim:

> The Petitioner's guaranteed United States Constitutional Fourth Amendment right was violated when the trial court denied Petitioner's motion to suppress illegally seized evidence.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right. Therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

Petitioner presents a single claim in his petition: his rights under the Fourth Amendment were violated by a warrantless search that was not justified by any recognized exceptions to the warrant requirement. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at

trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich.2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 135 N.W.2d 357, 358-59 (Mich. 1965) (describing the availability of a pre-trial motion to suppress). Petitioner filed a motion to suppress. The trial court conducted an evidentiary hearing prior to denying the motion and Petitioner raised the Fourth Amendment claim in both Michigan appellate courts.

Petitioner makes no allegations that presentation of his Fourth Amendment claim was frustrated by a failure of the state court procedures for presentation of that claim. Accordingly, habeas relief is denied.

### IV.

For the reasons stated, the petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-31-12

5